**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| REGENERATION FINANCE CORP., et al.,[1] | : | Case No. 12-12835 (CSS) |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| ALFRED THOMAS GIULIANO CHAPTER 7 TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. |
| | : | |
| WILLIAMS & CONNOLLY LLP | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO AVOID AND RECOVER**
**PREFERENTIAL TRANSFERS AND/OR FRAUDULENT TRANSFERS**

Alfred Thomas Giuliano, chapter 7 trustee (the "Plaintiff" or "Trustee"), appointed in the chapter 7 cases of Regeneration Finance Corporation and the Debtors named below (the "Debtors") pending before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court" or the "Court"), by and through its undersigned counsel, hereby files this complaint (the "Complaint"), and in support thereof respectfully alleges as follows:

## NATURE OF ACTION

1.    This adversary proceeding is brought pursuant to and under Federal Rules of

---

[1]    The Debtors, together with the last four digits of each of the Debtors' federal tax identification numbers, are:    Regeneration Finance Corporation (4154); Regeneration Finance LLC (7706); Regeneration Finance Development LLC (7815); RF Santa Monica Development Corp. (2974); RF Santa Monica Hold LLC (4054); RF Douglas Development Corp. (6049); RF BUHSD Development Corp. (3863); RV VCS Development Corp. (6573); RF BESD Hold Corporation (4087); and Western Energy Acquisition Company (8546).  For the purpose of the Chapter 7 Cases, the service address for all Debtors is:  Regeneration Finance Corporation, 300 First Stamford Place, Suite 450, Stamford, CT.

Bankruptcy Procedure 7001, et seq. (the "Bankruptcy Rules"), among other things to (a) avoid, in accordance with sections 547 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), certain preferential transfers made by one or more of the Debtors to the above captioned defendant (the "Defendant") on account of antecedent debts owed to Defendant, (b) avoid pursuant to section 548 of the Bankruptcy Code any transfers that may have been a fraudulent conveyance and pursuant to section 549 of the Bankruptcy Code any transfers that cleared post-petition, (c) recover, in accordance with section 550 of the Bankruptcy Code, such Transfers (defined below), and (d) disallow any claims Defendant may hold against the Debtors' estates unless and until Defendant returns the Transfers pursuant to section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

3.     The Trustee is the duly appointed Trustee of the Debtors.

4.     Upon information and belief, Defendant is a person, as defined by section 101 (41) of the Bankruptcy Code, who received payments or transfers of property from one or more of the Debtors, and maintains a place of business or residence at 725 Twelfth Street, N.W., Washington, DC  20005.

## BACKGROUND

5.     On October 11, 2012, the Debtors filed in the Delaware Bankruptcy Court voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

PHIL1 3176712v.1

**COUNT I**
**(AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 547)**

6.     The Plaintiff repeats and realleges the allegations contained in all prior paragraphs of this Complaint and incorporates them by reference as if fully set forth herein.

7.     Prior to the Petition Date, Defendant provided legal services to one or more of the Debtors listed in the attached Exhibit 1.

8.     On or within 90 days before the Petition Date (the "Preference Period"), one or more transfers of an interest in property were made by one or more of the Debtors by check, wire transfer, or other means of payment in an aggregate amount not less than $69,789.00 (the "Transfers") to or for the benefit of Defendant.  A summary of the Transfers is attached as Exhibit 1.

9.     Defendant was a creditor of one or more of the Debtors at the time of the Transfers within the meaning of section 101 (10)(A) of the Bankruptcy Code.

10.     The Transfers were to or for the benefit of a creditor because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

11.     The Transfers were made for, or on account of, antecedent debts owed by one or more of the Debtors.

12.     At the time of the Transfers, the Debtors were insolvent within the meaning of section 101(32) of the Bankruptcy Code.

13.     The Transfers enabled Defendant to receive more than it would receive if: (a) the Debtors' cases were under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

3

14.     By reasons of the foregoing, the amount of the Transfers to the Defendant which is avoidable pursuant to section 547(b) of the Bankruptcy Code is $69,789.00.

15.     Defendant has not returned the Transfers to the Debtors or Plaintiff.

## COUNT II
## (AVOIDANCE OF FRAUDULENT CONVEYANCES
## PURSUANT TO 11 U.S.C. § 548(a)(l)(B))

16.     Plaintiff repeats and realleges the allegations contained in all prior paragraphs in this Complaint and incorporates them by reference as if fully set forth herein.

17.     Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, one or more of the Debtors did not receive reasonably equivalent value in exchange for such Transfer(s) (the "Fraudulent Conveyances"); and

>     A.     The Debtors were insolvent on the date that the Transfer(s) were made or became insolvent as a result of the Transfer(s); or

>     B.     The Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with one or more of the Debtors who made or for whose benefit the Transfer(s) were made was an unreasonably small capital; or

>     C.     The Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond one or more of the Debtors' ability to pay as such debts matured.

18.     The Trustee has information and belief and upon that information and belief alleges that the Debtors faced a series of liquidity shortfalls during the seven months prior to the Petition Date, and these liquidity shortfalls necessitated additional loans and equity investments

4

from its secured lender Hamilton Investment Partners, LLC ("HIP").

19.    The Trustee has information and belief and upon that information and belief alleges that the Debtors owed HIP approximately $8 million as of the date of each of the Transfers identified on Exhibit 1 to the Complaint and that such debt was due to mature on December 31, 2012.

20.    The Trustee has information and belief and upon that information and belief alleges that as a result of the difficulty the Debtors encountered in completing projects and/or monetizing their projects, the Debtors were incurring an average monthly operating expenses of $250,000 and operating at a cash flow deficit at the time the Transfers were made.

21.    In accordance with the foregoing, the Fraudulent Conveyances are avoidable pursuant to 11 U.S.C. § 548(a)(l)(B).

## COUNT III
## (RECOVERY OF UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549)

22.    Plaintiff repeats and realleges the allegations contained in all prior paragraphs in this Complaint and incorporates them by reference as if fully set forth herein.

23.    Subject to proof, Plaintiff pleads in the alternative that to the extent any of the Transfer(s) made by the Debtors to Defendant as identified in "Exhibit 1" attached hereto and incorporated herein by this reference were transfer(s) of an interest of the Debtors' property that cleared one or more of the Debtors' bank account(s) after the Petition Date (the "Post-Petition Transfers"; the Transfers, the Fraudulent Conveyances and the Post-Petition Transfers are collectively "All Avoidable Transfers"), said Transfers were never authorized by the Court or under the Bankruptcy Code and, thus in accordance with the foregoing, the Post-Petition Transfers are avoidable pursuant to 11 U.S.C. § 549.

5

## COUNT IV
## (RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. § 550)

24.    Plaintiff repeats and realleges the allegations contained in all prior paragraphs in this Complaint and incorporates them by reference as if fully set forth herein.

25.    Defendant was the initial transferee of All Avoidable Transfers, the intermediate or mediate transferee of the initial transferee of All Avoidable Transfers, or the person for whose benefit All Avoidable Transfers were made.

26.    By reason of the foregoing, All Avoidable Transfers may be recovered by Plaintiff for the benefit of one or more of the Debtors and their estates pursuant to section 550(a)(l) of the Bankruptcy Code, together with pre- and post-judgment interest thereon at the maximum legal rate from the date of All Avoidable Transfers plus all costs of this proceeding.

## RESERVATION OF RIGHTS

27.    During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant which are recoverable.  It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of one or more of the Debtors in property and to or for the benefit of Defendant or any other transferee.  Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding All Avoidable Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. §§ 542, 544, 545, 547, 548 and 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of this Complaint.

28.    In addition, nothing contained in this Complaint shall be construed as a waiver of

6

Plaintiff's rights to object to any scheduled claim or any proof of claim filed by Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any scheduled claim or proof of claim asserted by Defendant.  For each objection to a claim, a separate notice will be given and a separate hearing will be scheduled.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor:

A.    declaring that All Avoidable Transfers to the Defendant constitute avoidable transfers pursuant to §§ 547, 548 or 549 of the Bankruptcy Code and awarding Plaintiff at least the sum of All Avoidable  Transfers to be returned pursuant to § 550 of the Bankruptcy Code;

B.    disallowing, in accordance with 11 U.S.C. § 502(d), any claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

C.    awarding Plaintiff pre- and post-judgment interest on the amount owed by Defendant to the full extent allowed under applicable law at the highest rate;

D.    awarding Plaintiff costs associated with the prosecution of this action; and

E.    granting such other and further relief as is just and proper.

Respectfully submitted,

Dated:  March 14, 2014
Wilmington, Delaware

KLEHR HARRISON HARVEY
BRANZBURG LLP

By:    */s/ Margaret M. Manning*
Margaret M. Manning (DE Bar No. 4183)
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:  (302) 426-9193

7

and

Carol Ann Slocum, Esquire
Klehr Harrison Harvey Branzburg LLP
457 Haddonfield Road, Suite 510
Cherry Hill, NJ  08002
Telephone:  (856) 486-7900
Facsimile:   (856) 486-4875

Counsel for Alfred T. Giuliano, Chapter 7
Trustee for the Estates of Regeneration
Finance Corp., et al.

# Exhibit 1

Name of Debtor Making Transfer(s): **Regeneration Finance Corporation**

| Check/or Wire No. | Check Date. | Clear Date: | Check/Wire Amount | Invoice No. | Invoice Date | Invoice Amount |
|---|---|---|---|---|---|---|
| | | | | | | |
| 11101 | 8/16/2012 | 8/22/2012 | $69,789.03 | 246423 | 7/11/2012 | $69,789.03 |

PHIL1 3176712v.1