**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| REGENERATION FINANCE CORP., *et al.*, | Case No. 12-12835 (CSS) |
| Debtors. | Jointly Administered |
| ALFRED THOMAS GIULIANO | |
| CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 14-50087 (CSS) |
| WILLIAMS & CONNOLLY LLP, | **Response Due:** **June 6, 2014** |
| Defendant. | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF
ITS PARTIAL MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Curtis S. Miller (DE Bar No. 4583)
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
    Counsel for Defendant
    Williams & Connolly LLP

May 23, 2014

i.

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                    ii

NATURE AND STAGE OF THE PROCEEDING                                    1

STATEMENT OF FACTS                                                    2

ARGUMENT                                                              3

    I.    THE FRAUDULENT TRANSFER COUNT SHOULD BE
DISMISSED BECAUSE IT FAILS TO SPECIFY FACTS
SUFFICIENT TO PUT W&C ON NOTICE OF THE
NATURE OF THE CLAIMS AGAINST IT AND THE
GROUNDS UPON WHICH IT RESTS.                                          4

    II.    THE POST-PETITION TRANSFER COUNT SHOULD
BE DISMISSED BECAUSE IT FAILS TO IDENTIFY
ANY SUCH TRANSFER.                                                    7

CONCLUSION                                                            9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................3

*Burtch v. Dent (In re Circle Y of Yoakum, Texas),* 354 B.R. 349
    (Bankr.D.Del. 2006) ........................................................................................4

*Charys v. McMahan Security Co., L.P. (In re Charys Holding Co., Inc.),*
    443 B.R. 628 (Bankr.D.Del. 2010) ...............................................................6

*Claybrook v. Pricewaterhousecoopers U.S. LLC (In re Am.*
    *Remanufacturers, Inc.),* No. 05-20022 PJW, 2007 WL 2376723
    (Bankr.D.Del. Aug. 16, 2007).........................................................................8

*Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009)..............................3

*Giuliano v. Shorenstein Company LLC (In re Sunset Aviation, Inc.),* 468
    B.R. 641 (Bankr.D.Del. 2011) .......................................................................7

*Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom*
    *Corp.),* 327 B.R. 711 (Bankr.D.Del. 2005)..............................................4, 5

*Indus. Enter. of Am. v. Tabor Acad. (In re Pitt Penn Holding Co., Inc.),*
    No. 09-11475 BLS, 2011 WL 4352373 (Bankr.D.Del. Sept. 16, 2011).......6

*Pardo v. Nylcare Health Plans, Inc. (In re APF Co.),* 274 B.R. 408
    (Bankr.D.Del. 2001) ........................................................................................7

*Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.),* 288 B.R.
    189 (Bankr.D.Del. 2003) ................................................................................7

*VFB LLC v. Campbell Soup Co.,* 482 F.3d 624 (3d Cir. 2007) .........................5

*Walker v. Sonafi Pasteur (In re Aphton Corp.),* 423 B.R. 76 (Bankr.D.Del.
    2010) ................................................................................................................5

*Zazzali v. AFA Fin. Grp., LLC*, No: 10-54524 PJW, 2012 WL 4903593
    (Bankr.D.Del. Aug. 28, 2012)........................................................................8

## OTHER AUTHORITIES

11 U.S.C. § 548 (2012) ..................................................................................4, 5

11 U.S.C. § 549 (2012) ......................................................................................7

iii.

Federal Rule of Bankruptcy Procedure 7008.......................................................................4

Federal Rule of Bankruptcy Procedure 7012.......................................................................1

Federal Rule of Civil Procedure 8 ..................................................................................3, 4

Federal Rules of Civil Procedure Rule 12 (b)(6)...........................................................1, 7

## NATURE AND STAGE OF THE PROCEEDING

This is an adversary proceeding filed by Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee"), on behalf of the estates of Regeneration Finance Corporation and its affiliated debtors (the "Debtors").  By his complaint filed March 14, 2014 in this proceeding (the "Complaint"), the Trustee seeks to avoid and recover a transfer allegedly made to Williams & Connolly LLP ("W&C") during the ninety days prior to the Debtors' October 11, 2012 bankruptcy filings pursuant to, among other sections, 11 U.S.C. §§ 547, 548, 549 and 550 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").[1]

Because Count 2 (the "Fraudulent Transfer Count") and Count 3 (the "Post-Petition Count") of the Complaint fail to plead the required factual information regarding the transfer in issue, but merely parrot the statutory elements of a claim for fraudulent and post-petition transfers, W&C has filed a motion seeking to dismiss those counts for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7012.  This is W&C's opening brief in support of that motion.

---

[1]      Unless otherwise noted, all statutory sections referenced herein are to the Bankruptcy Code.

2.

## STATEMENT OF FACTS

On October 11, 2012, the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code.  Compl. ¶ 5.

On March 14, 2014, the Trustee filed his Complaint against W&C seeking to recover one or more transfers in an aggregate amount not less than $67,789.00 made to W&C on or about August 16, 2012 (the "Transfers") by one or more of the Debtors during the 90 days prior to their bankruptcy filings.  Compl. ¶8; Ex. 1.  Through his Complaint, the Trustee seeks to recover the Transfer as a preference, or alternatively as a fraudulent transfer, or alternatively as a post-petition transfer.  Compl. ¶¶ 6-23.

## ARGUMENT

Plaintiff's Complaint does not state a claim under Rule 8 of the Federal Rules of Civil Procedure. As the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The Third Circuit has instructed courts to conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated," with the reviewing court accepting "all of the complaint's well-pleaded facts as true, but ... disregard[ing] any legal conclusions." *Id.* at 210-11. Next, the reviewing court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211.

Plaintiff's assertions of entitlement to relief fail to provide sufficient facts to state a claim that is plausible, and instead merely recite the statutory language. The plaintiff's claims are inadequate and should be dismissed with prejudice.

I.      THE FRAUDULENT TRANSFER COUNT SHOULD BE
        DISMISSED BECAUSE IT FAILS TO SPECIFY FACTS
        SUFFICIENT TO PUT W&C ON NOTICE OF THE
        NATURE OF THE CLAIMS AGAINST IT AND THE
        GROUNDS UPON WHICH IT RESTS.

The recitations set forth in the Fraudulent Transfer Count are defective because they fail to provide fair notice sufficient to enable W&C to mount a defense and thus fail to meet the pleading requirements of Federal Rule of Civil Procedure 8, as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008.

When a party asserts a claim for fraud, the complaint must set forth facts with sufficient particularity to apprise the defendant of the charges against him so that he may prepare an adequate answer. *Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.),* 327 B.R. 711, 718 (Bankr.D.Del. 2005). To provide fair notice, the complainant must go beyond merely parroting statutory language. *Burtch v. Dent (In re Circle Y of Yoakum, Texas),* 354 B.R. 349, 356 (Bankr.D.Del. 2006).

This Court has repeatedly held that fraudulent transfer claims that merely recite the statutory language are subject to dismissal for failure to state a claim. *Global Link*, 327 B.R. at 718; *See Circle Y*, 354 B.R. at 356 (holding that complaints that contain "conclusory allegations that almost completely parrot the statutory language" and fraud claims that "smack of multiple choice or menu pleading" will not survive a motion to dismiss).

Under section 548, to properly plead a constructive fraud claim, a complaint must allege sufficient facts that plausibly show (i) a transfer within an applicable time period, (ii) the Debtor's insolvency, and (iii) a lack of reasonably equivalent value (or fair consideration). *See Global Link*, 327 B.R. at 718.

In order to adequately plead the second element of a constructive fraud claim, the debtor's insolvency, the trustee must present some information of the financial status of the debtor at the time of the Transfers. *Id*. The Fraudulent Transfer Count does little more than parrot the statutory elements of a fraudulent transfer under the Bankruptcy Code Section 548 (a)(1)(B). The only facts alleged refer to the financial commitments of the Debtors prior to the time of transfer but not its insolvency. *See* Compl. ¶¶ 18-20.

In order to plead the third element of a constructive fraud claim—that the conveyance was made without fair consideration—the trustee must allege that the debtor did not receive a "reasonably equivalent value" for the transfer made. 11 U.S.C. § 548(a)(1)(B)(i) (2012). The Third Circuit has stated that "a party receives reasonably equivalent value for what it gives up if it gets 'roughly the value it gave.'" *VFB LLC v. Campbell Soup Co.,* 482 F.3d 624, 631 (3d Cir. 2007). In evaluating whether a reasonably equivalent value was given, courts can use the following factors as guidance: "(i) the 'fair market value' of the benefit received as a result of the transfer, (ii) 'the existence of an arm's-length relationship between the debtor and the transferee,' and (3) the transferee's good faith." *Walker v. Sonafi Pasteur (In re Aphton Corp.),* 423 B.R. 76, 89 (Bankr.D.Del. 2010).

This court has dismissed cases employing the same boilerplate language used by the Trustee in this case. *See Aphton*, 423 B.R at 91-92 (dismissing the count after finding that the complaint lacked sufficient factual allegations to determine whether there was a reasonably equivalent value exchanged or not). Claims with specific factual allegations of reasonably equivalent value have passed muster. *See Charys v. McMahan Security Co., L.P. (In re Charys Holding Co., Inc.)*, 443 B.R. 628, 637 (Bankr.D.Del. 2010)

(finding that the complaint adequately alleged reasonably equivalent value where the fees charged to the debtor were excessive compared to comparable fees charged by other investment banks for similar services); *Indus. Enter. of Am. v. Tabor Acad.* (*In re Pitt Penn Holding Co., Inc.)*, No. 09-11475 BLS, 2011 WL 4352373 at *9 (Bankr.D.Del. Sept. 16, 2011) (holding that the complaint adequately alleged reasonably equivalent value where the plaintiff alleged that the debtor received no consideration for the transferred shares). Unlike the cases cited previously, the Trustee did not allege any facts to support his claim that there was not "reasonably equivalent value" given for the Transfer.

The Trustee fails to provide any specific facts and instead merely states that "to the extent one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, one or more of the Debtors did not receive reasonably equivalent value in exchange for such Transfer(s)"). *See* Compl. ¶ 17.  The Trustee has failed to make any factual allegations regarding the "reasonably equivalent value" of the transfer, thus failing to provide W&C with adequate information to apprise W&C of the charges against it.

This Court has consistently found that general allegations and averments are insufficient to state a claim for the avoidance and recovery of fraudulent transfers under the Bankruptcy Code.  As a result, the Fraudulent Transfer Count should be dismissed for failure to satisfy the pleading requirements applicable to fraudulent transfer claims under Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

II.   THE POST-PETITION TRANSFER COUNT SHOULD
      BE DISMISSED BECAUSE IT FAILS TO IDENTIFY
      ANY SUCH TRANSFER.

As previously noted, the Trustee's Complaint identifies a single transfer that the Trustee claims is subject to avoidance and recovery either as a preference, a fraudulent conveyance or a post-petition transfer. That transfer, as set forth in the Complaint Ex. 1, is identified as "Check/Wire No. 11101" dated August 16, 2012 – almost two months prior to the petition date of October 11, 2012. Compl. ¶ 5; Ex. 1. Beyond the identification of the Transfer, the Trustee merely parrots the statutory elements for recovery of a post-petition transfer under the Bankruptcy Code Section 549 for his Post-Petition Transfer Count, without including any allegation as to how the Transfer can be considered as being made post-petition.

As set forth in the previous section regarding the Fraudulent Transfer Count, merely quoting statutory language for a claim is insufficient and will not survive a Rule 12(b)(6) motion to dismiss. *Valley Media, Inc. v. Borders, Inc. (In re Valley Media, Inc.)*, 288 B.R. 189, 192 (Bankr.D.Del. 2003). To state a claim under section 549**,** the trustee must plead facts to demonstrate "(1) that property of the estate (2) was transferred (3) after the filing of a petition and that such transfer (4) was not authorized by the Code or the Court." *Pardo v. Nylcare Health Plans, Inc. (In re APF Co.),* 274 B.R. 408, 418 (Bankr.D.Del. 2001)**.**

This court has consistently dismissed post-petition transfer claims where no post-petition transfer was identified in the complaint. *See Giuliano v. Shorenstein Company LLC (In re Sunset Aviation, Inc.)*, 468 B.R. 641, 651 (Bankr.D.Del. 2011) (finding that the post-petition transfer count failed to state a claim upon which relief could be granted

when the trustee failed to identify a post-petition transfer and when the complaint used almost identical language as the Trustee uses in paragraph 23 of the Complaint); *Zazzali v. AFA Fin. Grp., LLC*, No: 10-54524 PJW, 2012 WL 4903593 at *12 (Bankr.D.Del. Aug. 28, 2012) (dismissing post-petition claim when the trustee failed to identify any transfers occurring post-petition); *Claybrook v. Pricewaterhousecoopers U.S. LLC* (*In re Am. Remanufacturers, Inc.*), No. 05-20022 PJW, 2007 WL 2376723 at *4  (Bankr.D.Del. Aug. 16, 2007) (dismissing the post-petition transfer count of the complaint after finding that "beyond the identification of the alleged transfer, the trustee merely parrots the statutory elements for recovery of a post-petition transfer, without including any identifying information as to how the alleged transfer can be considered as having been made post-petition.").

The Trustee alleged no facts that would support a claim that the Transfer was made post-petition.  It is inappropriate to plead a claim for post-petition transfer as an alternative to a preference claim when the transfer date is alleged to be prior to the petition date, and there is no evidence presented in the Complaint of any further transfers. Here, the Trustee's allegations do not include any information as to how the Transfer can be considered post-petition.  Compl. ¶¶22-23.  Rather, the Trustee merely parrots the statutory language and provides no facts to support his claim thus failing to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

The Post-Petition Transfer Count should be dismissed because it fails to state a claim upon which relief can be granted, as the result of Plaintiff's failure to plead any facts tending to establish that the challenged Transfer was made post-petition.

9.

## CONCLUSION

For all of the foregoing reasons, W&C respectfully requests that the Court enter an Order dismissing the Fraudulent Transfer and Post-Petition Transfer counts of the Complaint -- Counts 2 and 3 -- for failure to state a claim upon which relief can be granted, and granting to W&C such further relief as is just and proper.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/ Curtis S. Miller_

Curtis S. Miller (DE Bar No. 4583)
1201 Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
    Counsel for Defendant
    Williams & Connolly LLP


Dated: May 23, 2014

8266758.1